# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA DONATO-COOK and THOMAS COOK, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE & CASUALTY COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 3:09-cv-0587 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Plaintiffs Gloria Donato-Cook and Thomas Cook's Motion to Remand (Doc. 8) this action to the Lackawanna County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court will grant Plaintiffs' motion.

## BACKGROUND

The facts as alleged in Plaintiffs' Complaint are as follows. Plaintiffs are residents of Pennsylvania and Defendant State Farm Fire and Casualty Company ("State Farm") has its principal place of business in Illinois. (Compl. ¶¶ 1-2, Doc. 1, Ex. A.) Plaintiffs own a home at 639 Fairview Road, Clarks Summit, Pennsylvania, which they insured with a homeowner's policy through State Farm. (*Id.* ¶¶ 3, 5.) On May 8, 2006, the home was damaged in a fire. (*Id.* ¶ 8.) Defendants notified State Farm of the losses and made claims for payment under their homeowner's policy for real property damage, personal property damage, and living expenses. (*Id.* ¶¶ 9, 11, 14-16.) State Farm paid Plaintiffs less than the amounts they

requested and, in April of 2007, notified Plaintiffs that it considered Plaintiffs' claims to have been paid in full in October of 2006. (*Id.* ¶¶ 14-17.) In May of 2007, State Farm made one more payment to Plaintiffs, but since that time Plaintiffs have not received a certificate of occupancy for their home and have incurred $144,403.01 in additional expenses and losses. (*Id.* ¶¶ 19-20, 33.)

On April 24, 2007, Plaintiffs filed a writ of summons in the Lackawanna County Court of Common Pleas pursuant to PA. R. CIV. P. 1007 naming State Farm and John Ryan ("Ryan"), a non-diverse Pennsylvania insurance agent, as defendants. (*Id.* ¶ 21.) On May 9, 2007, State Farm filed a praecipe pursuant to PA. R. CIV. P. 1037(a) to compel Plaintiffs to file a complaint. (Compl. ¶ 22.) This praecipe was stayed on September 19, 2007. (*Id.* ¶ 26.)

On March 9, 2009, Plaintiffs filed a complaint in the Lackawanna County Court of Common Pleas seeking $144,403.01 in damages from State Farm. (Mot. to Remand ¶ 3, Doc. 8; Compl. ¶¶ 19, 33.) (hereinafter "Mot.") On March 31, 2009, State Farm filed a notice of removal pursuant to 28 U.S.C. § 1446(b). (Mot. ¶ 4.) On April 29, 2009, Plaintiffs filed the current motion to remand the action to the Lackawanna County Court of Common Pleas. (Doc. 8) This motion is fully briefed and is ripe for disposition.

## LEGAL STANDARD

The burden to establish subject matter jurisdiction in a removal case founded on diversity jurisdiction under 28 U.S.C. § 1332 is on the party seeking removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). "[R]emoval statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*,

913 F.2d 108, 111 (3d Cir. 1990).

## DISCUSSION

**I.     The Thirty-Day Removal Period of 28 U.S.C. § 1446(b)**

Plaintiffs first argue that the present case should be remanded because State Farm's notice of removal was filed more than thirty days after it received an initial pleading or documents indicating that the action was removable.  (Mot. ¶ 5; Pls.' Br. 2-4.)  The federal removal statute states, in relevant part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

When discussing the thirty-day removal period established in § 1446(b), the United States Supreme Court found that when "the defendant is served with the summons but the complaint is furnished to the defendant sometime after[wards], the period for removal runs from the defendant's receipt of the complaint."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The Third Circuit Court of Appeals has determined that under *Murphy Bros.*, a writ of summons is not an "initial pleading" for purposes of § 1446(b). *See Sikirica*, 416 F.3d at 222.  In the current case, Plaintiffs filed their writ of summons on April 24, 2007 (Compl. ¶ 21), but did not file their Complaint until March 9, 2009 (Mot. ¶ 3). State Farm filed its notice of removal on March 31, 2009.  (*Id.* ¶ 4.)  Therefore, the Court finds that State Farm's thirty-day removal period under § 1446(b) began to run on March 9, 2009 and that State Farm's March 31, 2009 filing of its notice of removal occured within this

3

the statutory thirty-day removal period.

## II. The One-Year Removal Period of 28 U.S.C. § 1446(b)

Plaintiffs next argue that the current case should be remanded because State Farm's notice of removal was filed more than one year after the date of commencement. (Mot. ¶ 5; Pls.' Br. 5-6.) The federal removal statute states, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Plaintiffs' second argument presents issues that are similar to the issues present in two other cases decided by this Court. *See Penn Patio Sunrooms, Inc. v. Ohio Cas. Ins. Co.*, No. 3:08-CV-0120, 2008 WL 919543, at *1 (M.D. Pa. Mar. 31, 2008) (Caputo, J.); *Namey v. Malcolm*, 534 F. Supp. 2d 494 (M.D. Pa. 2008) (Conaboy, J.). In *Penn Patio* and *Namey*, the District Court for the Middle District of Pennsylvania interpreted the one-year limit to be an absolute bar running from the date of commencement by a writ of summons, regardless of whether an initial pleading–that is, a complaint–was filed. *Penn Patio*, 2008 WL 919543 at *2-3; *Namey*, 534 F. Supp. 2d at 497-98. In both of the prior cases, the defendants had the right under PA. R. CIV. P. 1037(a) to file a praecipe compelling the plaintiffs to file a complaint. *Penn Patio*, 2008 WL 919543 at *3; *Namey*, 534 F. Supp. 2d at 498. Such a complaint would have qualified as an initial pleading and would have either (1) triggered the thirty-day limit of paragraph one of § 1446(b), or (2) triggered the one-year limit of paragraph two of § 1446(b) by presenting a case that was not removable. However,

4

the *Penn Patio* and *Namey* defendants did not file praecipes, and their failure to assert their rights contributed to the courts' findings that their notices of removal were untimely. *Penn Patio*, 2008 WL 919543 at *3; *Namey*, 534 F. Supp. 2d at 498.

In the current case, unlike the *Penn Patio* and *Namey* cases, State Farm filed a praecipe on May 9, 2007 (Compl. ¶ 22), but that praecipe was stayed by the state court on September 19, 2007 (*Id.* ¶ 26). State Farm now argues that its efforts to compel the filing of a complaint was thwarted by Plaintiffs because Plaintiffs sought the stay in the state court action. (Def.'s Br. 7.) Accordingly, State Farm argues that Plaintiffs' conduct circumvented removal, thereby triggering an equitable exception to the § 1446(b) one-year removal limitation. (*Id.*) In *Namey*, the court considered a similar argument and reviewed three cases where plaintiffs were found to have engaged in forum manipulation and devised plans for circumventing removal. *Namey* 534 F. Supp. 2d at 498 (quoting *Kinabrew v. Emco-Wheaton, Inc.*, 936 F.Supp. 351, 353 (M.D.La.1996); *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1285 (E.D.Va.1991); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 424 (5th Cir.2003)). After a review of the facts presented, the *Namey* court found that the defendants were "partly responsible for the delay in proceedings" and had "not met their burden of demonstrating sufficient culpability on the part of Plaintiffs to warrant waiver of the one-year limitation period." *Namey*, 534 F. Supp. 2d at 498.

In the present case, the Court observes that Plaintiffs' efforts to obtain a stay were motivated by their desire to continue with an appraisal process as outlined in the insurance policy at issue in this case. (*See* Mot. for Stay, Doc. 12, Ex. E.) Thus, the Court finds that the Plaintiffs' efforts to obtain a stay in the state court proceedings do not constitute the type of forum manipulation that would demonstrate sufficient culpability to warrant a waiver of the

5

one-year limitation period.

State Farm also argues that the present case was not removable at the time Plaintiffs filed their Writ of Summons because there was no complete diversity of citizenship as required by 28 U.S.C. § 1332 due to the presence of John Ryan, a Pennsylvania insurance agent. (Def.'s Br. 7.) Thus, according to State Farm, this case was not removable on the basis of the initial pleading, but became removable pursuant to 28 U.S.C. § 1332 upon the filing of a subsequent pleading nearly two years later. The Court believes that such attempts at removal on the basis of diversity of citizenship jurisdiction, when occurring more than one year after the filing of an initial pleading commencing a case, are expressly forbidden by the plain language of 28 U.S.C. § 1446(b). The Court, accordingly, finds that State farm is barred from removing this case pursuant to the one-year exception stated in 28 U.S.C. § 1446(b) and will remand the action to the Lackawanna County Court of Common Pleas.

## CONCLUSION

Plaintiffs' motion to remand will be granted, and the matter will be remanded to the Lackawanna County Court of Common Pleas, as Defendant's notice of removal is time-barred by the one-year exception to removal in diversity cases pursuant to 28 U.S.C. § 1446(b).

An appropriate order follows.

 July 20, 2009                /s/ A. Richard Caputo  
Date                     A. Richard Caputo  
                       United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA DONATO-COOK and THOMAS COOK, | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0587 |
| v. | (JUDGE CAPUTO) |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

## ORDER

**NOW**, this   20th   day of July, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' Motion to Remand (Doc. 8.) is **GRANTED** and the matter is **REMANDED** to the Lackawanna County Court of Common Pleas;

(2) Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 4) is **DENIED** without prejudice; and

(3) The Clerk of the Court is directed to mark this case **CLOSED**.

                                        /s/ A. Richard Caputo  
                                        A. Richard Caputo  
                                        United States District Judge